*necessarily* to make a man a party, lest he be compelled to pay costs to such party.

If, then, Swits was a party, other than a witness, it remains to be considered in what stage of the proceedings he is entitled to move for costs. The code is silent on this point; but in conformity to the analogy of the law in other cases, he cannot move until the proceeding is brought to a close as to him, and has terminated in his favor. Costs are never granted on a motion, until the motion is decided, nor in an action until judgment. (See Code, § 303 to 322.)

Whether Swits was *rightfully* made a party, or not, it is unnecessary now to determine. His name was inserted in the title of the proceedings; he was charged with acts prejudicial to the plaintiff; and relief was sought against him. All these are indications that he was treated as a party.

The motion is prematurely made, but as the question is new, it must be denied without costs and without prejudice.

---

JOHN E. BOICE agt. MARY S. R. TURNER et al.

This case is exactly like the preceding, and must be decided the same way.

---

## COURT OF APPEALS.

ABRAHAM WAGENER, ex'r of John Supplee, Respondent, agt. GILBERT R. REILEY and others, Appellants.

An order of the Supreme Court reversing a final decree of a surrogate in a proceeding for an account, and directing the proceedings to be remitted to the surrogate with instructions, &c. is an appealable order to this court.

*September Term*, 1849.—The surrogate made a final decree in a proceeding for an account. On appeal, the Supreme Court, at general term, reversed the decree, and directed the proceedings to be remitted to the surrogate, with instructions to proceed and settle the accounts of the executor upon certain specified principles. From the decree of the Supreme Court, Reiley and others appealed to this court.

S. H. WELLES, *for the respondent*, moved to dismiss the appeal, on the ground that the decree of the Supreme Court was not final, (Code, § 11, 245,) bcause an account was to be taken before the surrogate.

G. F. COMSTOCK, *for appellants*.

THE COURT held that it was a case for an appeal, and denied the motion.